IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

HOWARD LEE SMITH, JR.                                                                                              PLAINTIFF

vs.                                              Civil No. 6:20-cv-06109

ANDREW M. SAUL                                                                                                     DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Howard Lee Smith, Jr. ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Susan O. Hickey referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.      Background:**

Plaintiff filed his disability application on August 7, 2018. (Tr. 17).[1] Plaintiff alleged disability due to arthritis, bulging disc, depression, difficulty reading, anxiety, neck pain, back

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 13. These references are to the page number of the transcript itself and not the ECF page number.

1

pain, shoulder pain, knee issues, and degenerative disc disease. (Tr. 141). His application was denied initially and again upon reconsideration. (Tr. 17).

Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (Tr. 108-125). This hearing was held on September 26, 2019. (Tr. 34-65). At this hearing, Plaintiff was present and represented by counsel, Randolph Baltz. *Id.* Plaintiff and Vocational Expert, ("VE") Kola Brown testified at this hearing. *Id.*

On December 3, 2019, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's disability applications. (Tr. 17-29). The ALJ determined Plaintiff meets the insured status requirements of the Act through December 31, 2022. (Tr. 19, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 16, 2018. (Tr. 19, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: osteoarthritis, degenerative disc disease, obesity, and chronic pain syndrome. (Tr. 19, Finding 3). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 22, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 23-27, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except can, at most occasionally climb, stoop, crouch, kneel, and crawl; cannot reach

overhead; can only frequently reach and handle; cannot work on ladders; and cannot engage in commercial driving, forklift driving, or use of foot-pedal controls. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 27, Finding 6). The ALJ determined Plaintiff was unable to perform his PRW. *Id.* However, the ALJ found there were jobs in the significant numbers in the national economy that Plaintiff could perform. (Tr. 27, Finding 10). With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) price marker with approximately 300,000 jobs in the nation and (2) garment sorter with approximately 15,000 jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been disabled at any time from May 16, 2018, through the date of the decision. (Tr. 29, Finding 11).

Plaintiff sought review with the Appeals Council. (Tr. 1-7). The Appeals Council denied this request. *Id.* On September 22, 2020, Plaintiff filed a Complaint in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15-16. This matter is now ripe for consideration.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.

*See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000). It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant

can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 15 at 12-19. Specifically, Plaintiff raises the following arguments for reversal: (1) the ALJ failed to consider the impairments in combination; (2) the ALJ erred in considering his subjective complaints of pain; and (3) the ALJ erred in the RFC determination. *Id.* Upon review, the Court finds the ALJ did not fully consider his subjective complaints when evaluating his disability during the relevant time-period. According, the Court will only address this issue for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[1] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly

5

applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination almost entirely upon the fact that Plaintiff's subjective complaints were not supported by his medical records. (Tr. 23-27). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records. Indeed, in this opinion, the only non-medical evidence the ALJ considered was Plaintiff's daily activities. (Tr. 26). This involved only a limited discussion of Plaintiff's daily activities. *Id.*

Based upon this review, the Court finds the ALJ's assessment of Plaintiff's subjective complaints was improper. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully

support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints during the relevant time-period, this case must be reversed and remanded.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 17th day of June 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE